## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, NW Suite 301 Washington, D.C. 20036, <br><br> and <br><br> BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, NW Suite 301 Washington, D.C. 20036, <br><br> Plaintiffs, <br><br> v. <br><br> THE BUCKINGHAM AT NORWOOD CARE & REHABILITATION CENTER, LLC 100 McClellan Street Norwood, NJ 07648 <br><br> Defendant. | Case No.: 21-2001 |

## <u>COMPLAINT</u>

1.    This is an action for legal and equitable relief brought pursuant to Sections 502 and

515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145 by the

SEIU National Industry Pension Fund (the "Pension Fund"), an employee benefit plan, and its

Board of Trustees ("Board of Trustees") to enforce the obligations of Defendant The Buckingham

at Norwood Care & Rehabilitation Center, LLC ("Buckingham" or "Defendant") to make pension

contributions and Pension Protection Act supplemental contributions, and to provide remittance reports to the Pension Fund, as well as to obtain judgment for delinquent contributions and supplemental contributions, together with interest, liquidated damages, attorneys' fees, and other costs associated with this action.

2.      The Court has jurisdiction over the ERISA claims asserted below under the terms of ERISA Section 502(a)(3) and (e), 29 U.S.C. §§ 1132(a)(3), (e), and ERISA Section 515, 29 U.S.C § 1145. In addition, the Court has jurisdiction over all claims asserted below under 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the Pension Fund is administered in this judicial district.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

5.       Plaintiff Pension Fund is a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and it is established and maintained for the purpose of providing retirement benefits to eligible employees of participating employers. The Pension Fund is also a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

6.      The Pension Fund is administered at 1800 Massachusetts Avenue, NW, Suite 301, Washington, DC 20036.

7.      Plaintiff Board of Trustees, Arun Ivatury, April Verrett, David Huerta, Jaime

Contreras, Efrain Elias, Christopher Bouvier, Thomas E. LaMartina, Frank A. Maxson, Edward J. Manko, and John J. Sheridan, are the duly authorized Trustees of the Pension Fund whose duty it is to administer the Pension Fund for the benefit of the participants and beneficiaries of the Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and the named fiduciary of the Pension Fund within the meaning of Section 402 of ERISA, 29 U.S.C. § 1102(1), and are authorized and empowered to maintain this action.

8.　　Defendant Buckingham is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12).

9.　　Defendant Buckingham is a limited liability company residing and doing business in the state of New Jersey; its address is 100 McClellan Street, Norwood, New Jersey, 07648. Defendant Buckingham operates a nursing and rehabilitation facility, which it also refers to as Buckingham Care & Rehabilitation.

**Factual Background**

*Defendant's Obligation to Contribute to the Fund*

10.　　At all times relevant herein, Buckingham has been a party to a series of collective bargaining agreements ("CBAs") with 1199 SEIU United Healthcare Workers East, New Jersey Region ("the Union").  Buckingham is referred to as Buckingham at Norwood in its CBAs with the Union. Buckingham was obligated under these CBAs to make contributions to the Fund on behalf of all employees covered by the CBA at a rate of "2.25% of gross monthly wages, excluding overtime, payments for uniform allowance, unused sick leave payouts and ratification and survey bonuses."

11.　　The CBA provides that, "[c]ontributions required by this provision shall be paid to the Fund on or before the fifteenth day of the month following the period for which contributions

3

are due or before such other date as the Trustees may hereafter determine."

12.     In the CBA, Buckingham also expressly agreed to be bound by the provisions of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement") of the Pension Fund, as amended from time to time, and by the Pension Fund's rules and regulations, including collection policies.

13.     Article III, Section 3.02 of the Trust Agreement provides that, "[a]n Employer shall contribute and pay Employer Contributions to the Fund in the amount and at the time specified in the applicable collective bargaining agreement with the Union or participation agreement with the Board of Trustees."

14.     Under Article III, Section 3.04 of the Trust Agreement,

[i]f an Employer shall fail to contribute and pay Employer Contributions to the Fund when the same shall be due and payable, the Employer shall be considered delinquent and in breach of the Trust Agreement, and shall pay, in addition to, or in lieu of, other remedies provided by law liquidated damages, plus interest on the total delinquency. Said costs, charges, damages, and interest shall be due as provided for in policies and procedures established by the Board of Trustees for that purpose.

15.     The Board of Trustees has adopted a Statement of Policy for Collection of Delinquent Contributions ("Collection Policy"), to which Buckingham is bound as set forth above. The Collection Policy specifies the rules that apply to all delinquent contributions. Specifically, an employer who is delinquent in making contributions owes to the Pension Fund:

a.   net contributions due, including all monthly delinquent contributions, supplemental contributions and surcharges;

b.   interest on late payments (any payments not received by the last day of the month in which the contribution was due) at the rate of ten percent per annum until payment is received;

    c.   interest on net contributions due at the rate of ten percent per annum; and

    d.   liquidated damages on any payments "received later than the 15th day of the month following the month in which the contributions were due." In the case of such payments, "the Employer shall be obligated to pay liquidated damages in the amount of 5% of the Monthly Contributions Owed," with a minimum payment of $50 per month. Where litigation has commenced, the Employer is obligated to pay liquidated damages in the amount of the greater of (i) the interest owed on the delinquent contributions or (ii) twenty percent (20%) of the contributions owed.

16.    Where an employer is delinquent in its contributions, Article III, Section 3.04 of the Trust Agreement provides that,

> [t]he Board of Trustees may take such steps, including the prosecution of or the intervention in any proceedings at law, in equity or in bankruptcy as it may deem necessary or desirable, in order to collect delinquent Employer Contributions, and the delinquent Employer shall be liable for the Trustees' reasonable expenses, including, but not limited to, attorney's fees and other disbursements, incurred in the collection of such delinquent Employer Contributions.

*Defendant's Supplemental Contribution Obligation*

17.    In addition to its obligation to contribute 2.25% of covered employees' gross monthly wages, Buckingham was obligated to make supplemental contributions to the Fund, as described below.

18.    On March 31, 2009, the Pension Fund's actuary certified that the Pension Fund was in "critical status" for the plan year beginning January 1, 2009, as required by ERISA Section 305(b)(3), as inserted by Section 202 of the Pension Protection Act of 2006 ("PPA") and further amended, 29 U.S.C. § 1085(b)(3). The Pension Fund's actuary subsequently certified that the Pension Fund was in critical status for each plan year from 2010 through 2021.

19.    Participating employers in the Fund, including Buckingham, were notified of each

critical status determination via letters sent each year.

20.     In November 2009, the Trustees adopted a "Rehabilitation Plan" in compliance with 29 U.S.C. § 1085(e)(3), for the purpose of enabling the Pension Fund to cease to be in critical status by the end of the plan's rehabilitation period. That Rehabilitation Plan, as amended, has remained in effect at all times relevant here. The Rehabilitation Plan included two schedules of contribution increases and benefit reductions, known as the "Preferred Schedule" and the "Default Schedule," and required participating employers to incorporate one of these schedules into their CBAs.

21.     Participating employers, including Buckingham, were notified of the Rehabilitation Plan in November 2009.

22.     In June 2014, Buckingham entered into a Memorandum of Agreement ("MOA") with the Union, which modified the terms of the CBA to include an agreement by Buckingham to remit contributions under the Default Schedule of the Rehabilitation Plan, effective December 1, 2013. Under that Default Schedule, as incorporated into the CBA, Defendants were also required to pay supplemental contributions in an amount equal to 62.5% of all contributions due from December 1, 2013 and thereafter.

23.     Under the Collection Policy, an employer who is delinquent in making supplemental contributions owes to the Pension Fund the net supplemental contributions due, interest on late supplemental contributions, interest on net supplemental contributions, and liquidated damages as described in Paragraph 15.

*Defendant's Obligation to Provide Remittance Reports*

24.     The CBA provides that "[c]ontributions shall be transmitted together with a remittance report containing such information, in such manner, and on such form as may be

6

required by the Fund or their designee."

25.     These remittance reports must be sufficient to show the amount of contributions and supplemental contributions owed by an employer for the contribution month to which the report pertains. Without such reports, the Fund cannot determine the precise amount of contributions owed.

26.     Under the Fund's Collection Policy,

> [i]f the Fund Office has not received complete and correct remittance report(s) necessary to determine the amounts owed by the Employer, the Fund Office shall estimate the contributions due based on the most recent remittance report submitted to the Fund, payroll information, or other basis as reasonably determined by the Fund, and the Employer shall be deemed delinquent in its contributions in that amount on a monthly basis, as a minimum, in any subsequent legal action.

*Defendant's Delinquent Contributions and Failures to Provide Remittance Reports*

27.     For payments due from January 2020 through October 2020 (for the contribution months of December 2019 through September 2020), Defendant has failed to remit the contributions and supplemental contributions that it owes to the Pension Fund in the principal amount of $69,544.19. Defendant also owes interest and liquidated damages for these delinquent contributions. The total interest owed as of June 30, 2021 is $7,642.43. Interest continues to accrue.

28.     For payments due from February 2019 through December 2019 (for the contribution months of January 2019 through November 2019), Buckingham remitted contributions and supplemental contributions to the Pension Fund but failed to make those payments by the end of the months in which they were due. Buckingham therefore owes interest and liquidated damages on those late payments. The total interest owed as of June 30, 2021 is $3,480.42. Interest continues to accrue.

29.     For payments due from November 2020 through the present (for the contribution months of October 2020 through the present), Defendant has failed to remit the contributions and

supplemental contributions that it owes to the Pension Fund. Defendant also owes interest and liquidated damages for these delinquent contributions. Interest continues to accrue. In addition to failing to remit contributions, Buckingham also has failed to provide remittance reports to the Pension Fund for these contribution months.

30.     As a result of Buckingham's failure to provide remittance reports for the contribution months of October 2020 through the present, the Pension Fund is unable to ascertain the exact amount of contributions due for those months. Buckingham is therefore liable for, at a minimum, the estimated amount of contributions and supplemental contributions due under the Collection Policy for each month in which Buckingham has failed to submit a remittance report. This estimate is based on the last remittance report submitted for the contribution month of September 2020 (a total of $5,810.68 in monthly contributions and supplemental contributions); Buckingham also is liable for interest and liquidated damages on this amount. As of June 30, 2021, the total estimated principal amount of delinquent contributions owed is $40,674.79. The total estimated interest owed as of June 30, 2021 is $1,518.74.  Interest continues to accrue. In the event that the remittance reports, once obtained by the Pension Fund, show that Buckingham's contribution obligation is greater than the estimated amount, Buckingham is liable for the full amount of the contributions actually owed, as well as interest and liquidated damages.

31.     Prior to commencing this lawsuit, the Pension Fund notified Buckingham of its delinquencies, including its interest and liquidated damages obligations, and made several attempts to contact Buckingham in efforts to obtain the outstanding remittance reports and amounts of contributions, interest, and liquidated damages owed. To date, Buckingham has failed and/or refused to provide the missing reports, to make payments on any of the amounts owed, or otherwise provide a meaningful response to the Pension Fund's inquiries.

32.     For the period of February 2019 through the present Buckingham owes the Pension

Fund $110,218.95 in unpaid or underpaid contributions, and $12,715.48 interest (calculated

through June 30, 2021). Buckingham also owes liquidated damages to the Pension Fund. As

previously stated, according to the Collection Policy, when litigation has commenced, the

Employer is obligated to pay liquidated damages in the amount of the greater of (i) the interest

owed on the delinquent contributions or (ii) twenty percent (20%) of the contributions owed. The

total amount owed will ultimately be decreased by overpayments in the amount of $434.39 for the

contribution month of December 2014 and $.96 for the contribution month of January 2019.

### Count I
Pursuant to Section 515 of ERISA

33.     Plaintiffs reallege and incorporate Paragraphs 1 through 32.

34.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C.

§§ 1132(a)(3) and 1145.

35.     Buckingham is delinquent in its obligations to the Pension Fund for the contribution

months of December 2019 through September 2020 in the principal amount of $69,544.19, by

virtue of its failure to pay the contributions and supplemental contributions required by the CBA.

The interest owed as of June 30, 2021 is $7,642.43. Interest continues to accrue.

36.     Buckingham also owes additional debts to the Pension Fund in the form of interest

and liquidated damages on late payments for the contribution months of January 2019 through

November 2019. The interest owed as of June 30, 2021 is $3,480.42. Interest continues to accrue.

37.     Buckingham's failure to make its required contributions is a violation of Section

515 of ERISA, 29 U.S.C. § 1145.

38.     Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2),

the CBA, the Trust Agreement, and the Collection Policy, Buckingham is obligated to pay to

Plaintiffs the full amount of all delinquent contributions (including supplemental contributions), plus interest at the rate of ten percent (10%) per annum on all delinquent contributions, liquidated damages in the amount of the greater of the accrued interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions, attorneys' fees, and costs of this action.

### Count II
Pursuant to Sections 502(a)(3) and 515 of ERISA

39.     Plaintiff's reallege and incorporate Paragraphs 1 through 38.

40.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

41.     Buckingham is obligated, under the terms of the CBA and the Pension Fund's rules, to provide remittance reports along with contributions and supplemental contributions to the Pension Fund.

42.     Buckingham has failed to submit remittance reports, or contributions or supplemental contributions for the contribution months of October 2020 through the present. Without these remittance reports, the Pension Fund is unable to determine the amount of delinquent contributions due for these months. As described in Paragraph 30, Buckingham therefore is liable for, at a minimum, estimated delinquent contributions in the principal amount of $40,674.76 per month and an estimated interest in the amount of $1,518.74. If the remittance reports show that Buckingham owes a greater amount in delinquent contributions than the estimated amount, however, Buckingham is liable for the full amount shown to be owed by the estimation. Interest and liquidated damages owed will be assessed once the reports are received. Interest continues to accrue.

43.     Buckingham's failure to make its required contributions is a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

44.     Under Sections 515 and 502(g) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), the CBA, the Trust Agreement, and the Collection Policy, Buckingham is obligated to pay to Plaintiffs the full amount of all delinquent contributions (including supplemental contributions), plus interest at the rate of ten percent (10%) per annum on all delinquent contributions, liquidated damages in the amount of the greater of the accrued interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions, attorneys' fees, and costs of this action.

45.     Notwithstanding Plaintiffs' efforts to secure Buckingham's voluntary compliance with its contractual and statutory obligation to make contributions to the Pension Fund, Buckingham continues to fail and/or refuse to make such payments in a timely manner.

46.     Unless enjoined by order of this Court from doing so, Buckingham will continue to be delinquent in the financial and reporting obligations it owes to the Pension Fund.

### ***Prayer for Relief***

**WHEREFORE**, Plaintiffs request the following:

A.     A judgment ordering Buckingham, its officers, agents, successors, and assigns:

1.  To pay to the Pension Fund all delinquent contributions Buckingham owes to the Pension Fund;

2.  To pay to the Pension Fund interest that has accrued on all delinquent contributions determined to be owed, at the rate of ten percent (10%) per annum;

3.  To pay to the Pension Fund an additional amount equal to the greater of the accrued interest or liquidated damages in the amount of twenty percent (20%) of the delinquent contributions; and

4.   To pay to the Plaintiffs their reasonable attorneys' fees and costs of this action; and

B.      An injunction requiring Buckingham, its officers, agents, successors, and assigns, to comply with the Collective Bargaining Agreements, and the Trust Agreement incorporated therein, including submitting monthly remittance reports to the Pension Fund in a timely manner and by making all past and future payments due to the Pension Fund; and

C. Any such further relief as the interests of justice may require.

Respectfully submitted,

Date: July 23, 2021

/s/ Ramya Ravindran
Ramya Ravindran, Esq. (DC Bar ID: 980738)
April H. Pullium, Esq. (DC Bar ID: 198026)
Bredhoff & Kaiser P.L.L.C
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600
(202) 842-1888 (fax)
rravindran@bredhoff.com
apullium@bredhoff.com

*Counsel for the Plaintiffs Service Employees*
*International Union National Industry Pension*
*Fund and the Board of Trustees of the Service*
*Employees International Union National Industry*
*Pension Fund*

## SERVICE UPON SECRETARY OF LABOR AND THE SECRETARY OF THE TREASUREY

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section § 502(h) of ERISA, 29 U.S.C. 1132(h).